UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JMK INVESTMENTS, INC., a California corporation; JMK CROSSWOOD, LLC, a California limited liability company; and DOES 1-10,<br><br>    Defendants. | No. 2:25-cv-02966-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Plaintiff Curtis Austin's ("Plaintiff") *pro se* Emergency Motion for Temporary Restraining Order seeking an order staying his eviction tomorrow, October 15, 2025. (ECF No. 3.) For the reasons set forth below, the Court cannot grant the relief Plaintiff seeks and DENIES Plaintiff's Emergency Motion for Temporary Restraining Order.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

On October 14, 2025, Plaintiff filed this Emergency Motion for a Temporary Restraining Order, as well as a Complaint for Civil Rights Violations under 42 U.S.C. § 1983. (ECF Nos. 1, 3.) Plaintiff brings this action against JMK Investments, Inc., JMK Crosswood, LLC ("Defendants"), and Does 1–10. (ECF No. 1.)

1    Plaintiff asks this Court to prevent him from being evicted from his home tomorrow,
2  October 15, 2025, at 6:01 a.m. (ECF No. 3 at 3.) Plaintiff states eviction will cause irreparable
3  harm to him including permanent loss of his home, immediate homelessness, and loss of personal
4  property. (*Id.*)

5    Plaintiff explains, on September 16, 2025, Sacramento County Superior Court issued a
6  final judgment in an unlawful detainer action against him, Case No. 25UD002522. (ECF No. 1 at
7  3–5.) Thereafter, on October 6, 2025, Sacramento County Superior Court issued a writ for
8  possession of property located at 6801 San Tomas Drive, Unit 130, Citrus Heights, California
9  95621. (*Id*. at 5.) Plaintiff contends that the eviction judgment against him is void because the
10 legal entity that obtained the judgment (JMK Investments, Inc.) is not the legal entity that owns
11 the subject property (JMK Crosswood, LLC). (*Id*. 1 at 3–4.) Plaintiff states "despite raising this
12 jurisdictional defect repeatedly, the state court proceeded with the eviction, creating a violation of
13 Plaintiff's federal constitution right to due process." (*Id*. 1 at 4.)

14   Plaintiff sought review of the eviction from the California Supreme Court, the California
15 Court of Appeal Third Appellate District, and the Sacramento Superior Court Appellate Division.
16 (*Id.* at 7.) Plaintiff's most recent request for relief was denied by the California Supreme Court
17 today, October 14, 2025. (*Id.*) Plaintiff now brings this lawsuit challenging the eviction and
18 alleging that Sacramento County Superior Court deprived him of procedural due process, violated
19 equal protection, and deprived him from equal access to the courts. (*Id.* at 4–6.)

20   **II.   STANDARD OF LAW**

21   The purpose of a temporary restraining order ("TRO") is to preserve the status quo until a
22 full hearing can be conducted. *See* Fed. R. Civ. P. 65. In general, "[t]emporary restraining orders
23 are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West*
24 *Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal
25 citations omitted).

26   For both a TRO and a preliminary injunction, a plaintiff must establish: "[1] that he is
27 likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of
28 preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in

2

1  the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  A plaintiff
2  must "make a showing on all four prongs" of the test set out in *Winter*.  *Alliance for the Wild*
3  *Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

4  In evaluating a plaintiff's motion, a court may weigh the plaintiff's showings on the
5  *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the
6  hardships may support issuing a TRO or preliminary injunction even if there are "serious
7  questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of
8  irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, if plaintiff's
9  likelihood of success on the merits is questionable, to obtain a TRO or preliminary injunction
10 plaintiff must demonstrate the balance of hardships "tip[ ] sharply" in their favor.  *Id.* at 1134–35.

11 **III.    ANALYSIS**

12 The Court is unable to grant Plaintiff's request for relief for lack of jurisdiction.

13         A.    Subject Matter Jurisdiction

14 Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of*
15 *Am.*, 511 U.S. 375, 377 (1994).  They "have an independent obligation to ensure that they do not
16 exceed the scope of their jurisdiction."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428,
17 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  The presumption is
18 against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting
19 jurisdiction."  *Kokkonen*, 511 U.S. at 377.

20 In his complaint, Plaintiff asserts "this Court has subject matter jurisdiction under 28
21 U.S.C. § 1331, which provides federal question jurisdiction, and 28 U.S.C. § 1343(a)(3), which
22 provides civil rights jurisdiction."  (ECF No. 1 at 2.)  However, Plaintiff alleges it was
23 Sacramento County Superior Court that violated his constitutional and civil rights, an entity who
24 is not joined as a defendant in the instant action, nor was given notice of this TRO.  *See* Local
25 Rule 231 (requiring notice to affected parties).  Plaintiff does not contend that Defendants
26 violated his constitutional rights or civil rights.[1]  Therefore, Plaintiff has not stated a cognizable

---

[1]  Additionally, although Plaintiff names Does 1–10, Plaintiff does not describe who the Doe defendants are or attribute any specific conduct to them to ascertain a federal claim.

1  federal claim against the Defendants in this action.[2]  Without a federal question to decide in this
2  case, the Court does not have subject matter jurisdiction.

3  Rather, Plaintiff essentially asks this Court to prevent Defendants from exercising their
4  right to their property as adjudicated by the Sacramento County Superior Court or render the
5  judgment void.  The Court lacks jurisdiction to provide such relief.  It is well-settled that federal
6  courts lack "subject matter jurisdiction over a suit that is a de facto appeal from a state court
7  judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (citing *Kougasian*
8  *v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004)); *see also Rooker v. Fidelity Trust Co.*, 263
9  U.S. 413, 415-16 (1923).

10  Additionally, under *Colorado River Water Conservation District v. United States*, 424
11  U.S. 800 (1976), "whether either the state or federal court has exercised jurisdiction over a res" is
12  dispositive. *Williamson v. Sacramento Mortg., Inc.*, No. 10-cv-02600-KJM-DAD, 2011 WL
13  5511660, at *3 (E.D. Cal. Nov. 10, 2011).  "The forum first assuming custody of the property at
14  issue has exclusive jurisdiction to proceed." *40235 Washington Street Corp. v. Lusardi*, 976 F.2d
15  587, 589 (9th Cir. 1992) (citing *Colorado River*, 424 U.S. at 819).  Pursuant to *Colorado River*,
16  federal courts abstain in unlawful detainer actions because state courts have already assumed
17  custody of the property.  *See id.*; *Neher v. Davis*, No. 2:25-cv-00482-DC-CSK, 2025 WL 448937,
18  at *4 (E.D. Cal. Feb. 10, 2025); *Williamson*, No. 2011 WL 5511660, at *3.

19  Here, Plaintiff asks this Court to interfere with Sacramento County Superior Court's
20  eviction judgment and writ of possession in Case No. 25UD002522.  The state court unlawful
21  detainer action and this action involve the same property, therefore, the Court is required to
22  abstain from exercising jurisdiction.  *See Neher*, 2025 WL 448937, at *4; *Scherbenske v.*

---

[2] Indeed, Defendants are private actors and federal courts have consistently held a private party's pursuit of state court unlawful detainer proceedings does not constitute state action. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982) ("the Due Process Clause protects individuals only from governmental and not from private action"); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) ("the Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful"); *Hoffman v. Indymac Bank FSB*, No. 10-cv-00802-MMC, 2010 WL 3463641, at *3 (N.D. Cal. Aug. 31, 2010) (holding a private party's pursuit of state court unlawful detainer proceedings does not constitute state action).

*Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009); *Pearson v. Loancare, LLC*, No. 23-cv-03882-DSF-MRW, 2023 WL 4317196, at *1 (C.D. May 31, 2023).

Finally, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining the enforcement of Sacramento County Superior Court's unlawful detainer judgment and writ for possession. *See Neher*, 2025 WL 448937, at *4; *Smith v. ReconTrust Co. N.A.*, No. 13-cv-00372-JST-MLG, 2013 WL 12120068, at *1 (C.D. Cal. Mar. 4, 2013). "Numerous district courts in California have found that the Anti-Injunction Act prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court." *Gray v. Bakersfield Parks, LP*, No. 16-cv-01860-LJO-JLT, 2016 WL 7229112, at *2 (E.D. Cal. Dec. 13, 2016) (collecting cases). The exceptions to the Anti-Injunction Act do not apply here.[3]

Accordingly, the Court lacks subject matter jurisdiction over this matter and cannot provide the relief requested by Plaintiff.

### B. Likelihood of Success on the Merits

Without establishing subject matter jurisdiction, Plaintiff also fails to demonstrate that he is likely to succeed on the merits of any claim as required for a TRO to issue. Moreover, Plaintiff's motion does not provide the Court with legal authority, argument, or evidence to support his claims. While the Court does not doubt the harm that may incur, Plaintiff has failed to show he is likely to succeed on the merits to warrant a TRO.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Emergency Motion for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Date: October 14, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The statutory exceptions Anti-Injunction Act are: (1) injunctions expressly authorized by an act of Congress; (2) injunctions necessary to effectuate the judgment of the federal court; and (3) injunctions necessary in aid of the court's jurisdiction. 28 U.S.C. § 2283. The exceptions are to be construed narrowly. *See Scherbenske*, 626 F. Supp. 2d at 1058.