UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS AUSTIN,

Plaintiff,

v.

JMK INVESTMENTS, INC., et al.,

Defendants.

No. 2:25-cv-02966-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted a declaration including a statement of income and expenses and averring he is unable to pay the costs of this proceeding. ECF No. 2. The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.      The Complaint

Plaintiff has filed a complaint and request for temporary restraining order (TRO). ECF Nos. 1 & 4. Plaintiff's 15-page complaint includes approximately 25 pages of attachments, which largely appear to be from state court proceedings. The complaint states it is brought pursuant to 42 U.S.C. § 1983 and sought to prevent an eviction scheduled for October 15, 2025.[1] Plaintiff names two Defendants: 1) JMK Investments, Inc., a California corporation; and 2) JMK Crosswood LLC, a California limited liability company. ECF No. 1 at 3.[2] Plaintiff alleges JMK Investments filed the state court unlawful detainer action in March 2025, but lacked standing to do so, and that JMK Crosswood is the actual owner of the property at issue. *Id*.

Plaintiff alleges that JMK Investments obtained a judgment in its favor, despite JMK Crosswood being the record owner of the property. *Id*. at 3-4. Plaintiff states that JMK Investments lacked standing, and thus the judgment is jurisdictionally void. *Id*. at 4. Plaintiff alleges he raised this argument "repeatedly" in state court. *Id*. Plaintiff complains of delays in hearing a motion he filed in state court, and to comments a court clerk allegedly made to him that he felt "discouraged" him from appealing. *Id*. at 6. Plaintiff also alleges he filed a petition for writ of mandate with the California Supreme Court and also references a "petition for review" and "request for stay" denied by the California Supreme Court. *Id*. at 7.

---

[1] Judge Nunley denied Plaintiff's motion for temporary restraining order on October 14, 2025. ECF No. 4.

[2] Reference to the complaint are to the page number, as Plaintiff's complaint does not contain numbered paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Plaintiff alleges he was denied due process because his property was taken through a judicial proceeding in which JMK Investments lacked standing. *Id.* at 8-9. Plaintiff alleges that: "Defendants acted under color of state law by invoking state judicial power to obtain the eviction judgment." *Id*. at 9. In Count II, Plaintiff alleges a violation of equal protection. *Id*. at 9-10. Plaintiff complains that the state court ruled on JMK Investments' request for issuance of a writ more quickly than it ruled on his motion. *Id*. at 10. Plaintiff alleges this "disparate treatment demonstrates systematic bias in favor of landlords and against tenants." *Id*. In Count III, Plaintiff alleges denial of access to the courts. This Count complains of the actions of "court actors" and "court staff," but such individuals are not named defendants in this action. *Id*. at 11. Plaintiff's Count IV is entitled "Prosecution of Eviction by Entity Lacking Standing" and Plaintiff references § 1983. *Id.* at 12.

In the request for relief portion of the complaint, Plaintiff sought a TRO preventing his eviction on October 15, 2025. *Id*. at 13. Plaintiff also seeks to have this Court declare that the state court judgment is void. *Id*. Plaintiff further seeks compensatory and punitive damages.

C.     Analysis

Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff alleges a violation of due process and equal protection concerning the eviction procedure in state court. The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). The two Defendants are identified as a private corporation and an LLC, both apparently involved in real estate and property management. ECF No. 1 at 3. Plaintiff alleges state action in a conclusory manner, and appears to assert that because Defendants filed a state court lawsuit, they are state actors. This is incorrect. *See Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."); *Phillips v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Loc. 118*,

556 F.2d 939, 940 (9th Cir. 1977) ("The fact that ... resort was had to the courts of the state does not supply the necessary state action.").

In the absence of state action, all of Plaintiff's § 1983 claims fail. Additionally, as pointed out by Judge Nunley in the order denying Plaintiff's motion for TRO, Plaintiff's claims may be barred by the *Rooker-Feldman* doctrine. It is clear Plaintiff seeks to have this Court invalidate an adverse state court judgment. He previously challenged this judgment in the California appellate courts. See ECF No. 1 at 30-34. If the state court entered an adverse judgment against Plaintiff in the unlawful detainer proceeding, Plaintiff cannot challenge that judgment in federal court. Federal district courts do not have jurisdiction to review final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Busch v. Torres*, 905 F.Supp. 766 (C.D. Cal. 1995) (finding plaintiff's challenge to state court unlawful detainer judgment and its subsequent enforcement through writ of possession was precluded by *Rooker-Feldman*).

The Court finds the complaint fails to state a claim under § 1983 because Plaintiff has sued two private entities and does not adequately allege state action. This Court may also lack subject matter jurisdiction to review this action under the *Rooker-Feldman* doctrine. Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to address the deficiencies set forth herein.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The amended complaint must clearly set forth the relief requested. The allegations of the complaint must be set forth in sequentially numbered

5

paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant rather than making allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff must adequately allege state action in support of his claims under § 1983, and allege sufficient factual content in support of his claims to state a claim to relief that is plausible on its face. !

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

/////

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: March 11, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE