UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS AUSTIN,

Plaintiff,

v.

JMK INVESTMENTS, INC., et al.,

Defendants.

No.  2:25-cv-02966-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The Court previously granted Plaintiff leave to proceed in forma pauperis and screened the complaint.  ECF No. 5.  The Court found the complaint legally deficient and granted Plaintiff leave to amend.  Plaintiff has not filed an amended complaint, and the Court now recommends the action be dismissed for failure to state a claim as set forth in the prior screening order.

**I.     Background and Procedural History**

Plaintiff filed this action on October 14, 2025, and the complaint cited to 42 U.S.C. § 1983 and sought to prevent an eviction scheduled for October 15, 2025.  ECF No. 1.  The complaint also requested a temporary restraining order ("TRO").  ECF No. 1.  Judge Nunley denied the request for TRO on October 14, 2025.  ECF No. 4.  On March 11, 2026, this Court issued an

1

order pursuant to 28 U.S.C. § 1915 screening the complaint and granting leave to proceed IFP. ECF No. 5.

The screening order noted that the two Defendants are identified as a private corporation and an LLC, both apparently involved in real estate and property management. ECF No. 5 at 4. Plaintiff had not adequately alleged state action for purposes of his § 1983 claim. *Id.* Additionally, the Court stated that to the extent Plaintiff was attempting to challenge a state court unlawful detainer judgment, his action would be barred by the *Rooker-Feldman* doctrine. *Id.* at 5. The Court allowed Plaintiff 30 days to file an amended complaint and cautioned: "If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed." *Id.* at 7. The amended complaint was due April 10, 2026, and no amended complaint was filed.

**II.     Analysis**

As set forth in the prior screening order, the elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). The two Defendants are identified as a private corporation and an LLC, both apparently involved in real estate and property management. ECF No. 1 at 3. Plaintiff alleges state action in a conclusory manner, and appears to assert that because Defendants filed a state court lawsuit, they are state actors. This is incorrect. *See Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."); *Phillips v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Loc.* 118, 556 F.2d 939, 940 (9th Cir. 1977) ("The fact that ... resort was had to the courts of the state does not supply the necessary state action."). Plaintiff has not adequately alleged the Defendants were state actors, or acting under color of law, and accordingly Plaintiff's § 1983 claims fail.

Additionally, the Court raised the concern that it appeared Plaintiff was attempting to challenge the state court judgment against him. ECF No. 5 at 5. The *Rooker-Feldman* doctrine

2

prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Busch v. Torres*, 905 F.Supp. 766 (C.D. Cal. 1995) (finding plaintiff's challenge to state court unlawful detainer judgment and its subsequent enforcement through writ of possession was precluded by *Rooker-Feldman*).

The Court recommends the action be dismissed without leave to amend. The Court has already allowed Plaintiff an opportunity to amend, and Plaintiff did not file an amended complaint. The Court finds that further leave to amend would be futile. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

### III.   CONCLUSION

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's Complaint and this action be dismissed without leave to amend for failure to state a claim; and

2.  The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 30, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3